**XING WEI JING, Plaintiff–Appellant,**

v.

**LOS ANGELES COUNTY, Defendant–Appellee.**

No. 15–55907

United States Court of Appeals, Ninth Circuit.

Submitted September 13, 2016 [*]

FILED September 21, 2016

Xing Wei Jing, Pro Se.

Avi Burkwitz, Esquire, Attorney, Diana Ratcliff, Attorney, Natalie Ursula Luongo, Esquire, Attorney, Peterson Bradford Burkwitz, Burbank, CA, for Defendant–Appellee.

Before: HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**380**

MEMORANDUM **

Xing Wei Jing appeals pro se from the district court's order in his employment action alleging discrimination in violation of Title VII. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Jing's wrongful termination claims as precluded by a final judgment on the merits in proceedings before the County of Los Angeles Civil Service Commission. *See Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (explaining that California's doctrine of claim preclusion is based on a primary rights theory).

The district court properly dismissed Jing's claim for "employment defamation" because Jing failed to allege compliance with the California Tort Claims Act. *See Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988) (a plaintiff must allege compliance with California tort claims procedures in order to state a state law tort claim against a public employee).

Appellees' December 16, 2015 unopposed request for judicial notice is granted.

Jing's January 27, 2016 opposed motion to strike appellees' answering brief is denied.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).